UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JAMES E. GILMAN, )
)
          Plaintiff, )
)
  v. ) No. 2:16-cv-00194-JMS-MJD
)
CORIZON MEDICAL SERVICES, )
  et al., )
)
          Defendants. )

**Entry Discussing Motion for Judgment on the Pleadings**

Plaintiff James Gilman, an inmate at the Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 and Indiana medical malpractice law alleging that he has been provided inadequate medical treatment for his painful knees. Defendants Esther Hinton and Monica Gipson (the "State Defendants") seek judgment on the pleadings on the claims against them.

**I. Standard**

"A motion for judgment on the pleadings under rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (quoting *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir.2014)). As such, "the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *Id.* (citing *Fortres Grand Corp. v. Warner Bros. Entm't. Inc.*, 763 F.3d 696, 700 (7th Cir.2014)) (applying Rule 12(b)(6)). "A plaintiff's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Yeadon Fabric Domes, LLC v. Roberts*

*Environmental Control Corp.*, No. 15 CV 6679, 2016 WL 3940098, *1 (N.D. Ill. July 21, 2016) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put differently, "a 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (citation and quotation marks omitted). "All reasonable inferences are drawn in favor of the non-movant." *Id.* (citing *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015)). Ultimately, a court will grant a motion for judgment on the pleadings only if "no genuine issues of material fact remain to be resolved and...the [moving party] is entitled to judgment as a matter of law." *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 2012); *see also Hartford Fire Ins. Co. v. Thermos LLC*, 146 F.Supp.3d 1005, 1012 (N.D. Ill. 2015) (citing *Alexander*, 994 F.2d at 336).

## II. Allegations of the Complaint

As discussed above, if the allegations of Gilman's complaint show that he is not entitled to relief against the State Defendants, then they are entitled to judgment on the pleadings.

Gilman's complaint is based on his allegations that he has received inadequate medical care for his knee pain. He sues several medical professionals involved in his care as well as Corizon Medical Services. In addition to these defendants, Gilman alleges that State Defendants Hinton and Gibson were deliberately indifferent when they denied his grievances related to his medical care. Specifically, Gilman alleges that on September 29, 2015, Dr. Byrd prescribed a cortisone injection for Gilman's right knee to be administered at the beginning of October 2015. Gilman did not receive the injection and filed an informal grievance. On November 13, 2015, Gilman filed a formal grievance regarding the delay in receiving medical treatment, seeking a cortisone injection. At the Formal Grievance Level, on December 7, 2016, it was determined by

Kim Hopson that: "The provider has scheduled you for an xray (sic) for the right knee. He plans to schedule you for an injection sometime in December. He will review your xray (sic) and then determine the need for an MRI." Gilman appealed the response to his formal grievance on December 22, 2016. At the Formal Appeal stage of his grievance, on January 4, 2016, State Defendant Esther Hinton stated:

> I have reviewed your medical file and find you have an x-ray which the provider reviewed and an injection was scheduled for December. This is not a prescribed ongoing injection. It is a result of you being seen by provider and him ordering the injection at the time of that encounter. Grievance denied.
> Esther Hinton
> Medical Contract Monitor for Monica Gipson, R.N.
> Director, Medical and Clinical Health Care Services

### III. Analysis

Gilman asserted Eighth Amendment deliberate indifference and medical malpractice claims against the State Defendants. The State Defendants seek judgment on the pleadings on each of these claims.

A. *Deliberate Indifference*

The State Defendants argue that they are entitled to judgment on the pleadings of Gilman's deliberate indifference claims because, they assert, the denial of a medical grievance is not actionable as a deprivation of a constitutional right. But the Seventh Circuit held in *Perez v. Fenoglio* that the denial of a grievance may be enough, at the pleading stage, to form the basis of liability against a grievance official. 792 F.3d 768, 782 (7th Cir. 2015). The plaintiff in *Perez* sued prison doctors as well as grievance officials for allegedly inadequate medical care. The district court dismissed the claims against the grievance officials and the Seventh Circuit reversed, holding that Perez had stated sufficient facts in his complaint to state a claim against the grievance officials. *Id.* The court explained that Perez alleged that he submitted grievances

that were coherent and detailed and that the grievance officials failed to exercise their authority to intervene. *Id.* The court emphasized that the claims against the grievance officials were dismissed at the screening stage and explained that discovery might shed light on whether the grievance officials took investigative action or "reasonably relied on the judgment of medical professionals." *Id.* (citing *Vance v. Peters*, 97 F.3d. 987, 993 (7th Cir. 1996); *Johnson v. Doughty*, 433 F.3d 1001, 1011 (7th Cir. 2006)). But the court held that these questions of fact could not be resolved at the pleading stage. The same is true here. The mere fact that the State Defendants are grievance officials and did not directly provide care to Gilman is not enough to entitle them to judgment on the pleadings.

The State Defendants also argue that Gilman has alleged no fact that would raise his allegation of deliberate indifference "above a speculative level." *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (the allegations of the complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.") (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). A prison official is liable for deliberate indifference to an inmate's serious medical needs when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1991). The State Defendants argue that they were not aware of any "substantial risk of serious harm" from denying Gilman's grievance and that any awareness of harm is negated by the fact that State Defendants knew that Gilman was receiving treatment by medical professionals, including seeing practicing physicians, receiving x-rays, and having a cortisone injection prescribed.

Again, this case is like *Perez*. There, the Seventh Circuit held that discovery might show that the grievance officials properly investigated the grievance or reasonably relied on medical professions in denying the plaintiff's grievances. But this possibility was not enough to require dismissal of the claims against the grievance defendants at the pleading stage. Here, Gilman claims that he was prescribed a cortisone shot that he should have received in the beginning of October 2015, but that he did not receive it. When he grieved this issue, he was told he was scheduled to receive an injection in December, but it appears from the complaint that he did not receive that injection either. It could be inferred from these allegations, if they are true, that the State Defendants did not sufficiently investigate Gilman's complaints resulting a delay in his treatment. These allegations therefore state a claim against the State Defendants. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) ("A significant delay in effective medical treatment . . . may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain."). They are thus not entitled to judgment on the pleadings.

B. *Negligence*

The State Defendants also seek judgment on the pleadings on Gilman's negligence claims. They argue that because they are not medical professionals, they owed no duty to Gilman. To prove medical malpractice in Indiana, a plaintiff "must show: (1) duty owed to plaintiff by defendant, (2) breach of duty by allowing conduct to fall below the applicable standard of care, and (3) compensable injury proximately caused by defendant's breach of duty." *Bader v. Johnson*, 732 N.E.2d 1212, 1217 (Ind. 2000). "Where it is clear that 'a doctor does not treat, see, or in any way participate in the care or diagnosis of the plaintiff-patient[,]' it is equally clear that 'a doctor-patient relationship will not be found to exist.'" *Giles v. Anonymous Physician I*, 13 N.E.3d 504, 511 (Ind. Ct. App. 2014) (quoting *Miller v. Martig*, 754 N.E.2d 41,

46 (Ind. Ct. App. 2001)). Here, Gilman does not allege that the State Defendants treated, saw, or participated in his diagnosis or care. Thus, under Indiana medical malpractice law, they did not owe a duty to them. However, the State Defendants have not shown or argued that they did not otherwise owe a duty to Gilman. It is reasonable to infer from the allegations of the complaint, that the State Defendants had a duty to investigate carefully Gilman's grievances, that they failed to do so, and that their failure resulted in prolonged injury to Gilman. These facts, if true, would state a claim for negligence against the State Defendants. Therefore they are not entitled to judgment on the pleadings.

### IV. Conclusion

For the foregoing reasons, the State Defendants are not entitled to judgment on the pleadings on Gilman's claims against them and their motion for judgment on the pleadings [dkt 53] is **denied**.

**IT IS SO ORDERED.**

Date: 4/14/2017

*(signature)*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Adriana Katzen
BLEEKE DILLON CRANDALL, PC
adriana@bleekedilloncrandall.com

Benjamin J Legge
OFFICE OF THE ATTORNEY GENERAL
benjamin.legge@atg.in.gov

Thomas A. Barnard
TAFT STETTINIUS & HOLLISTER LLP
tbarnard@taftlaw.com

JAMES E. GILMAN
110906
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only