UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES E. GILMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:16-cv-00194-JMS-MJD ) |
| CORIZON MEDICAL SERVICES, et al., | ) ) ) ) |
| Defendants. | ) |

**Entry Granting Motion to Appoint Rule 706 Neutral Expert**

The plaintiff brought this action pursuant to 42 U.S.C. § 1983 against the defendants alleging that they violated his Eighth Amendment rights due to their deliberate indifference to his arthritis in his knee and need for knee replacement. Presently before the Court is the plaintiff's motion for the Court to appoint a neutral medical expert under Rule 706 of the Federal Rules of Evidence. The defendants oppose this motion. For the reasons explained below, the plaintiff's motion, dkt. [123], is **granted** consistent with the following rulings.[1]

**I.**

Rule 706 of the Federal Rules of Evidence permits the Court to appoint a neutral expert witness "that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a). The purpose of this rule is to allow the Court to obtain neutral expert testimony when "scientific or specialized knowledge will help the court to understand the evidence or decide a disputed fact." *Elcock v. Davidson*, 561 Fed. Appx. 519, 524 (7th Cir. 2014). The Court, however, "need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a

---

[1] In light of this ruling, the motion for petition for funds, dkt. [88], and motion for expedited ruling, dkt. [87], are **denied as moot**.

layperson." *Turner v. Cox*, 569 Fed. Appx. 463, 468 (7th Cir. 2014) (citations omitted). In the interests of justice, the Seventh Circuit has recently encouraged district courts to utilize Rule 706 in cases involving prisoner medical claims. *See, e.g.*, *Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 941 (7th Cir. 2015); *Rowe v. Gibson*, 798 F.3d 622, 632 (7th Cir. 2015).

As explained by the plaintiff, while the parties do not contest Gilman's condition or the underlying treatment he received, the parties do contest whether the treatment Gilman received rose to the level of a doctor's choice of "easier and less efficacious treatment." *Cesal v. Moats*, 851 F.3d 714, 722 (7th Cir. 2017). Gilman's medical condition and the appropriate treatment thereof is complicated, and it would greatly benefit the Court—whether at summary judgment or trial—for a neutral expert to opine on these medical issues. The defendants have relied on expert testimony in support of their claims, and the Seventh Circuit has made clear that the Court "can always appoint [its] own expert [under Rule 706] to assist [the Court] in understanding and evaluating the proposed testimony of a party's expert." *ATA Airlines, Inc. v. Federal Exp. Corp.*, 665 F.3d 882, 889 (7th Cir. 2011). Moreover, Gilman's conditions, and what constitutes the appropriate treatment, are not easily "understood by a layperson." *Turner*, 569 Fed. Appx. at 468. The Court, therefore, concludes that utilization of a Rule 706 expert is the best course in this case.

The parties disagree regarding the appropriate type of expert to appoint. Gilman seeks the appointment of an orthopedic specialist, while the defendants argue that because they are generalists, a general practitioner is more appropriate to provide an opinion regarding Gilman's care. The Court concludes that a general practitioner is properly situated to provide opinion testimony which should shed light on whether the defendants' action were "far afield of accepted professional standards." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006).

For the foregoing reasons, the Court will appoint a general practitioner as a neutral medical expert pursuant to Rule 706.

## II.

The following procedure shall apply to the appointment of a neutral expert:

A. The expert should be selected as follows: (1) each party should submit to the other by **January 8, 2018**, a list of three potential experts who are qualified and willing to opine on the matters at issue in this case; (2) within 14 days of exchanging these lists, the parties should confer to determine if they can agree to one of the six potential experts; (3) during that conference, if the parties cannot agree on an expert, each party can strike two of the experts on the other party's list, leaving two potential experts, one from each list; and (4) the remaining two experts will be submitted to the Court for consideration and the Court shall determine which of the two should be appointed.

B. The parties shall confer and attempt to reach an agreement regarding the scope of the inquiry to be conducted by the Rule 706 expert and will file a Notice containing the proposed scope by **January 12, 2018**. If they cannot reach an agreement regarding the scope of the inquiry, they shall file competing statements that set forth their position regarding the proper scope of the expert's testimony. The parties should note that, given one of the purposes of the expert is "to assist [the Court] in understanding and evaluating the proposed testimony of a party's expert," *ATA Airlines, Inc.*, 665 F.3d at 889, the parties should ensure that the proposed scope of testimony includes at least the topics about which their own experts, if any, will opine.

C. Once the expert has been selected, the Court will issue an order appointing the expert in this case and setting forth deadlines for the parties to provide the expert with the relevant discovery and a deadline for the expert to render his or her opinion, which shall be filed with the Court.

D. Costs incurred in appointing the expert will be apportioned as follows: the first $15,000 in costs incurred through the use of the Rule 706 expert will be borne equally by the defendants and the Court, the Court's share to be paid in the spirit of Local Rule 87(g). This means that the Court will contribute up to $7,500 to pay the expert. Any fees charged by the Rule 706 expert(s) above $15,000 will be borne by the defendants in the first instance. The parties are reminded that the prevailing party is entitled to seek recovery of the costs of hiring an expert. *See* 42 U.S.C. § 1988. The plaintiff is notified that if he does not prevail in this action he may be required to pay the costs associated with compensating the court appointed expert witness consistent with 28 U.S.C. § 1915(f).

## III.

Because the foregoing ruling could impact the briefing of the defendants' motion for summary judgment, the motion, dkt. [118], is **denied for the present without prejudice**. The Court will direct further necessary proceedings after the neutral expert has rendered his opinion. The motion to stay briefing, dkt. [125], is **denied as moot**.

**IT IS SO ORDERED.**

Date: 12/12/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES E. GILMAN
110906
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Thomas A. Barnard
TAFT STETTINIUS & HOLLISTER LLP
tbarnard@taftlaw.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Adriana Katzen
BLEEKE DILLON CRANDALL, PC
adriana@bleekedilloncrandall.com

Benjamin J Legge
OFFICE OF THE ATTORNEY GENERAL
benjamin.legge@atg.in.gov

Tammara Danielle Porter
TAFT STETTINIUS & HOLLISTER LLP
tporter@taftlaw.com

Andrew Scheil
OFFICE OF THE ATTORNEY GENERAL
Andrew.Scheil@atg.in.gov